# Park *against* Marshall.

An administrator *pendente lite* may make a deed, in execution of the contract of a decedent for the sale of land proved according to the provisions of the act of the 21st of March 1792.

The proof of the contract of a decedent for the sale of land, in pursuance of the act of the 21st of March 1792, and the decree of the court thereupon, cannot be impeached collaterally.

ERROR to the district court of *Alleghany* county.

Ejectment by the heirs of John Park against Thomas Marshall, for lot No. 120, in Alleghany town. The plaintiffs having exhibited a legal title to the lot in John Park deceased their ancestor, the defendant offered in evidence the proceedings of the court of common pleas upon the petition of the administrator of Robert Knox for leave to prove a parol contract for the sale of the lot in controversy by John Park to Robert Knox, wherein the contract was proved and so decreed; and a deed made by N. B. Craig, administrator *pendente lite* of John Park deceased to the heirs of Robert Knox, under whom the defendant claimed. The evidence was objected to, 1. Because the letters of administration to N. B. Craig were not produced. 2. Because an administrator *pendente lite* could have no authority to make a deed. The court overruled the objections, and the plaintiffs took an exception. The plaintiffs then offered to give evidence to disprove the facts established in the proceedings referred to upon which the court of common pleas decreed that the administrator *pendente lite* should execute a deed. This was objected to and rejected;

[Park v. Marshall.]

and the jury, by direction of the court, (Grier, president) rendered a verdict for the defendants.

*Watts,* for plaintiff in error, cited, *Gord. Law of Dec.* 97 ; Dietrich's Appeal, 2 *Watts* 332 ; Wistar *v.* Kammerer, 2 *Yeates* 100 ; 4 *Cranch* 403 ; 4 *Wheat.* 77.

*Shayler,* for defendant in error, cited, *Purd. Dig.* 777 ; 6 *Co. Rep.* 68.

The opinion of the Court was delivered by

ROGERS, J.—One of the objects in view in the passage of the act of the 21st of March 1792, and its supplement of the 10th of March 1814, was to enable executors and administrators, by leave of the court, to convey lands and tenements contracted for with their decedents, and collect the debts of the deceased, whether the contract was in writing or by parol. In the case at bar the administrator of the vendee procured proof of the contract to be made in the court of common pleas of Alleghany county ; whereupon N. B. Craig, the administrator *pendente lite* of the vendor, petitioned the court for leave to execute a deed for the premises. The court of common pleas, after full hearing and examination, having adjudged the proof sufficient and obligatory between the parties, authorized and empowered the administrator *to* make and execute a deed in pursuance of the contract ; which was accordingly so done in due and proper form.

Two objections have been made : 1. There is no authority on letters of administration *shown* to have been granted to the said N. B. Craig ; and 2. That an administrator *pendente lite* is not such an administrator as is contemplated by the act of assembly. The objections were made to the admission of the defendant's testimony, and were also urged as affecting the validity of his title.

It must be observed that the first objection is not that no letters of administration were granted to Mr Craig, but that none were *shown* to have existed. The error is grounded on a mistake of the fact ; for the record of the court of common pleas was at least *prima facie* evidence that N. B. Craig was the rightful administrator, and before the defendant could be required to produce the letters themselves, or a record of them, some evidence should have been given from which a presumption would arise that none had ever been granted.

But the plaintiff in error seemed to rely principally on the second objection. That an administrator *pendente lite* comes within the letter of the acts must be admitted, and it is equally clear that he comes within the spirit. The principal duty of an administrator *pendente lite* is to pay and collect debts, and one object of the acts, as has been before observed, is, to enable the executor and administrator to carry into effect the contracts of decedents and collect their debts. Now in case of executory contracts this cannot be done, without procuring the contract to be proven as prescribed by the act, and executing and tendering a conveyance in pursuance of its provisions. As the

principal duty, viz., the collection and payment of debts, is devolved on them, it follows that the preparatory measures should be taken by them also. This consists in procuring the contract to be proved as directed by the act—an adjudication by the court that the same is sufficient, and that it is obligatory between the parties, and an order authorizing and empowering the executor or administrator to make and execute the conveyance. It is not only the duty of an administrator *pendente lite* to collect debts, but to pay them also; and this is an answer to the suggestion that the pruchase money had been paid. Besides, the representatives of the vendor must be ready and willing to perform their part of the contract; otherwise the vendee may rescind the contract and recover back the purchase money which has been paid. We perceive no inconvenience which will arise from this construction, whilst, on the other hand, much mischief may result from denying the administrator *pendente lite* this power.

In the acts above cited, the legislature have committed the whole power over the subject matter to the courts of common pleas and the supreme court. It follows that the decree cannot be re-examined in a collateral suit. All the proper parties were before the court of common pleas, and after hearing them, and an examination of the testimony adduced, the court granted the prayer of the *petitioner*. At that time, when the transaction was fresh in the recollection of the witnesses, the heirs and personal representatives of the vendor had an opportunity to bring forward the evidence now offered. It would tend to make titles insecure if they could be impeached by evidence such as was offered by the plaintiffs.

Judgment affirmed.